IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANNON GARDNER and KEVIN MEDEIROS, )<br>for themselves and a class, )<br> )<br>Plaintiffs, )<br> )<br>vs. )<br> )<br>AMERICAN COLLECTION CORPORATION, )<br>d/b/a ACC INTERNATIONAL, )<br> )<br>Defendant. ) | 1:10CV7784 |

## INITIAL STATUS REPORT

The parties, through counsel, have held a Rule 26(f) conference – with Thomas Soule (for plaintiffs) and John Ryan (for defendant) participating in a teleconference held on March 11, 2011. Pursuant to this Court's order in advance of a status hearing, the parties now present the following initial status report.

1. **Nature of the case.** Plaintiffs (for themselves and a putative class) claim that defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), which prohibits (without the consent of the person called) phone calls "using any automatic telephone dialing system or an artificial or prerecorded voice...." 47 U.S.C. §227(b)(1)(A)(iii). Plaintiffs seek statutory damages available under 47 U.S.C. §227(b)(3), an injunction against further violations, costs, and all other appropriate relief. Defendant denies any wrongdoing, any violation of the TCPA, and any liability. Defendant further denies that class certification is appropriate in this case.

2. **Jurisdiction.** Plaintiffs contend that this Court has jurisdiction under 28 U.S.C. §§1331 and 1337, and 47 U.S.C §227(b)(3).

3. **Pre-trial Schedule.** The parties have agreed upon the following schedule:

   a. Rule 26(a)(1) disclosures by April 8, 2011;

   b. amendment of pleadings and joinder of parties by motions filed no later than June 10, 2011;

   c. completion of all discovery by December 16, 2011;

   d. Rule 26(a)(2) disclosures of expert witnesses to be served (1) by plaintiffs no later than September 16, 2011, and (2) by defendant no later than November 4, 2011; and

   e. summary judgment motions to be filed on or before February 1, 2012. [Note: The court will not consider a summary judgment motion until the parties have first discussed settlement. Any motion for summary judgment must be accompanied by a statement signed by lead counsel for both parties certifying that they have engaged in good faith settlement efforts.]

4. **Subjects of discovery.** The parties will require discovery on the merits of the case, the issue of class certification, and the issue of damages to be awarded (if any). The parties expect that plaintiffs and representatives of defendant will be deposed; third-party discovery may be required of any contractors or vendors used by defendant for their telephone calls, or the equipment used to make them.

5. **Electronically stored information and privilege issues.** The parties have conferred on the handling of electronically stored information, and issues relating to claims of privilege. They have agreed that any disputes will be handled in the letter and spirit of Rule 37, in that they will meet and confer, in good faith, on all such issues in an attempt to resolve disputes, and involve the Court only when such efforts fail.

6. **Trial.** The parties suggest that a trial date should not be set at this time, given the likelihood of summary judgment motions which may resolve some, or all, of the issues in this case. Should this Court desire to set a trial date, the parties suggest that a trial could begin no earlier than July 2012, which would take approximately one week to complete.

7. **Settlement.** The parties have had substantial discussions about settlement, and have exchanged information useful to those discussions. However, the parties have not reached terms of a settlement at this time. The parties do not seek the assistance of a Magistrate Judge, but will undertake to do so when and if such assistance may become beneficial.

8. **Magistrate Judge consent.** The parties do not unanimously consent to the jurisdiction of a Magistrate Judge.

Respectfully submitted,

| | |
|---|---|
| /s/ Thomas E. Soule | /s/ John P. Ryan |
| Daniel A. Edelman | David M. Schultz |
| Thomas E. Soule | John P. Ryan |
| Edelman Combs Latturner & Goodwin LLC | Hinshaw & Culbertson LLP |
| 120 South LaSalle Street, 18th Floor | 222 North LaSalle Street, Suite 300 |
| Chicago IL 60603 | Chicago IL 60601 |
| (312) 739-4200 | (312) 704-3000 |
| (312) 419-0379 (fax) | (312) 704-3001 (fax) |
| courtecl@edcombs.com | jryan@hinshawlaw.com |

### CERTIFICATE OF SERVICE

I, Thomas E. Soule, hereby certify that the preceding was filed on March 18, 2011, and that the same was served on counsel for defendant (dschultz@hinshawlaw.com, jryan@hinshawlaw.com, izielinski@hinshawlaw.com, druane@hinshawlaw.com courtfiling@hinshawlaw.com) by operation of the Court's electronic filing system, on the same date.

/s/ Thomas E. Soule
Thomas E. Soule