IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANNON GARDNER and KEVIN MEDEIROS, for themselves and a class,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN COLLECTION CORPORATION, d/b/a ACC INTERNATIONAL,<br><br>Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) No. 10 CV 7784<br><br>Judge Pallmeyer |

## ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant AMERICAN COLLECTION CORPORATION, d/b/a ACC INTERNATIONAL ("ACC" or "Defendant"), by its attorneys, David M. Schultz and John P. Ryan, for its Answer and Affirmative Defenses to Plaintiffs Shannon Gardner and Kevin Medeiros's ("Plaintiffs") Complaint, states as follows:

1. Plaintiffs Shannon Gardner and Kevin Medeiros bring this action to secure redress from unlawful credit and collection practices engaged in by defendant American Collection Corporation, d/b/a ACC International ("ACC"). Plaintiffs allege that ACC violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

**ANSWER:** Defendant admits that Plaintiffs purport to bring this action to secure redress for an alleged debt collection engaged in by Defendant, which Plaintiffs claim violates the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant denies that it violated the TCPA or any other laws, and denies the remaining allegations in ¶ 1.

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

**ANSWER:** Defendant admits that the TCPA restricts the use of an automatic telephone dialing system to dial cellular telephones, but states that the TCPA does not regulate

calls where the use of said equipment to dial was not used, and that the TCPA contains other terms and conditions.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337, and 47 U.S.C. §227(b)(3).

**ANSWER:** Defendant admits that the Seventh Circuit has previously held that there is subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331. Defendant denies the remaining allegations in ¶3.

4. Venue and personal jurisdiction in this District are proper because:

    a. ACC's collection communications were received by plaintiffs within this District, and

    b. ACC transacts business within this District.

**ANSWER:** Defendant admits that the Seventh Circuit has previously held that there is subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and therefore, Defendant admits that venue is proper, but denies that it violated any laws or that Plaintiffs have any claim upon which relief can be granted.

## PARTIES

5. Plaintiffs Shannon Gardner and Kevin Medeiros are individuals who reside in the Northern District of Illinois. They are engaged to be married.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief about the truth of whether Plaintiffs currently reside in the Northern District of Illinois.

6. Defendant ACC is an Illinois corporation, with principal offices located at 919 West Estes Avenue, Schaumburg, Illinois.

**ANSWER:** Defendant admits the allegations in ¶ 6.

7. ACC is a debt collection agency which uses the mail and telephone systems to collect consumer debts originally owed to others.

**ANSWER:** Defendant admits that under certain circumstances and in certain instances it is engaged in the business of a debt collection agency by using the mail and the telephone to collect consumer debts originally owed to others. In further answering, Defendant states that it lacks knowledge or information sufficient to form a belief about the truth of whether it was engaged in the business of a collection agency by using the mail and the telephone to collect consumer debts in this instance as it lacks knowledge or information sufficient to form a belief as to the purpose for which Plaintiff incurred the debt.

8. The website of ACC (at https://www.americancollectioncorp.com/aboutasp, as accessed on December 1, 2010) states in part that, "at ACC, we use caller ID, database management, and other technological tools to locate and communicate with your accounts, quickly and cost-effectively."

**ANSWER:** Defendant admits the allegations in ¶ 8.

## FACTS

9. ACC has been attempting to collect from Ms. Gardner an alleged debt which was incurred for personal, family or household purposes, and not for business purposes.

**ANSWER:** Defendant admits that it has made attempts to collect a debt from Ms. Gardner but states that it lacks knowledge or information sufficient to form a belief about the truth of the reasons why Ms. Gardner incurred the debt.

10. ACC's debt collection attempts consisted of automated calls to a cellular phone used by Ms. Gardner, at (224) 234-7430. This cellular phone is connected to a Sprint cellular phone account billed to Mr. Medeiros.

**ANSWER:** Defendant admits that it manually dialed a phone number that it believed belonged to Ms. Gardner. Defendant denies that the calls were "automated calls." In further

130058740v1 0918980 74483

answer, Defendant lacks sufficient knowledge or information sufficient to form a belief about the truth of the allegations contained in the second sentence of ¶10.

    11.    The phone calls made to Ms. Gardner's cellular phone include
- a. a phone call made on May 13, 2010 at or around 12:14 p.m. (CT),
- b. a phone call made on May 22, 2010 at or around 12:03 p.m., and
- c. a phone call made on August 12, 2010 at or around 6:21 p.m.

These phone calls are shown in the phone records marked as Exhibit A which have been redacted to remove information relating to other phone calls and other personal information.

    **ANSWER:**    Defendant admits that it manually dialed phone number that it believed belonged to Ms. Gardner on May 13, 2010; May 22, 2010; and August 12, 2010. Defendant denies the remaining allegations in ¶11 and the subparagraphs contained therein.

    12.    The phone calls described in Exhibit A were made from a telephone number owned by ACC — specifically, (847) 301-1160.

    **ANSWER:**    Defendant admits that it manually dialed a phone number that it believed belonged to Ms. Gardner on May 13, 2010; May 22, 2010; and August 12, 2010. Further, Defendant admits that its telephone number is (847) 301-1160.

    13.    On information and belief, further calls were made by ACC to Ms. Gardner's phone number, at (224) 234-7430, beyond those described in Exhibit A.

    **ANSWER:**    Defendant admits that it manually dialed a phone number that it believed belonged to Ms. Gardner other than the dates alleged of May 13, 2010; May 22, 2010; and August 12, 2010.

    14.    On information and belief, the calls made by ACC to plaintiffs were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

    **ANSWER:**    Defendant denies the allegations in ¶ 14.

130058740v1 0918980 74483

15. Neither Ms. Gardner nor Mr. Medeiros authorized the automated placement of calls to a cellular phone.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny this allegation. However, Defendant denies that it needed either Ms. Gardner or Mr. Medeiros's consent to contact Ms. Gardner on her cellular telephone in that manner that it did.

16. Ms. Gardner did not furnish her cell phone number to ACC, or to the putative original creditor on the debt ACC tried to collect.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny this allegation. However, Defendant denies that it needed Ms. Gardner's consent to contact Ms. Gardner on her cellular telephone in that manner that it did.

17. The cell phone which was called by ACC was not obtained by Mr. Medeiros, or Ms. Gardner, until after the alleged debt was charged off.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny this allegation. However, Defendant denies that it needed either Ms. Gardner or Mr. Medeiros's consent to contact Ms. Gardner on her cellular telephone in that manner that it did.

18. Plaintiffs and each class member is entitled to statutory damages.

**ANSWER:** Defendant denies that Plaintiffs are entitled to statutory damages, denies that a class exists or that a class should be certified and denies the remaining allegations in ¶ 18.

19. ACC violated the TCPA even if their actions were only negligent.

**ANSWER:** Defendant denies that it violated the TCPA and denies that any of its actions were unlawful.

20. ACC should be enjoined from committing similar violations in the future.

**ANSWER:** Defendant denies that it violated the TCPA and the remaining allegations in ¶ 20.

### COUNT I — TCPA

21. Plaintiff incorporates paragraphs 1-20.

**ANSWER:** Defendant re-alleges and incorporates by reference its answers to paragraphs 1 through 20 inclusive of Plaintiffs' Complaint as though fully stated herein.

22. 47 U.S.C. §227(b)(1) provides, in part, as follows:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States —
>
>> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice....
>>
>>> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call....

**ANSWER:** Defendant admits that ¶ 22 of Plaintiffs' Complaint quotes certain portions of the TCPA, denies that it violated the TCPA and further states that the TCPA contains other provisions.

23. 47 U.S.C. §227(b)(3) further provides:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State —

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

ANSWER: Defendant admits that ¶ 23 of Plaintiffs' Complaint quotes certain portions of the TCPA, denies that it violated the TCPA, and further states the TCPA contains other provisions.

24. Defendant violated the TCPA by placing automated calls to plaintiff's cellphone, and to those of putative class members.

ANSWER: Defendant denies that it violated the TCPA, denies that a class exists or that a class should be certified and denies the remaining allegations in ¶ 24.

## CLASS ALLEGATIONS

25. Pursuant to Fed.R.Civ.P. 23(b)(3), plaintiffs bring this claim on behalf of a class, consisting of all persons with cellular telephones that have numbers assigned to area codes 217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872, and who, on or after a date four years prior to the filing of this action, and on or before a date 20 days following the filing of this action, received automated calls to their cell phone from defendant, where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

ANSWER: Defendant admits that Plaintiffs purport to bring a claim under the TCPA on behalf of a purported class defined in ¶ 25, denies that a class exists or that a class should be certified, and denies the remaining allegations in ¶ 25.

26. The class is so numerous that joinder of all members is impractical. Plaintiffs allege on information and belief that there are more than 40 class members, on account of the class period and the nature of defendant's business.

**ANSWER:** Defendant denies that a class exists or that a class should be certified, and denies the remaining allegations in ¶ 26.

27. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:
    a.    Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones;

    b.    The manner in which defendant obtained the cell phone numbers; and

    c.    Whether defendants thereby violated the TCPA.

**ANSWER:** Defendant denies that a class exists or that class should be certified, denies all the remaining allegations in ¶ 27 and subparagraphs 27 a, b and c.

28. Plaintiffs have claims that are typical of those held by class members. Those claims are based on the same factual background and legal theories.

**ANSWER:** Defendant denies that a class exists or that class should be certified and denies the remaining allegations in ¶ 28.

29. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

**ANSWER:** Defendant admits Plaintiffs' listed counsel in this case is experienced in handling class actions and claims involving unlawful business practices, denies that a class exists or that class should be certified and denies the remaining allegations in ¶ 29 and further denies it engaged in any unlawful business practices.

30. A class action would be superior to other forms of claim resolution. Many class members would be unaware of their claims under the TCPA. Resolving the claims of many class

members in a single proceeding would promote judicial efficiency and provide appropriate relief under the law to consumers affected by defendant's practices.

**ANSWER:** Defendant denies that a class exists or that class should be certified, and denies the remaining allegations in ¶ 30.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Defendant AMERICAN COLLECTION CORPORATION, d/b/a ACC INTERNATIONAL, respectfully requests that this Honorable Court deny the relief sought in Plaintiffs' Complaint, dismiss Plaintiffs' action and Complaint with prejudice, enter judgment in Defendant's favor and against Plaintiffs, deny class certification and dismiss the class claims without prejudice, and award Defendant its costs.

### SECOND AFFIRMATIVE DEFENSE

1. Upon information and belief, Plaintiffs may have consented to receive prerecorded message calls and auto-dialed calls on their cell phone by providing their cell phone number to the creditor. 47 U.S.C. § 227(b)(1); Federal Communications Commission Declaratory Ruling, FCC 07-232, ¶ 9.

2. This affirmative defense is asserted in the alternative to the argument that lack of consent is an element of a Plaintiffs' TCPA claim.

WHEREFORE, Defendant AMERICAN COLLECTION CORPORATION, d/b/a ACC INTERNATIONAL, respectfully requests that this Honorable Court deny the relief sought in Plaintiffs' Complaint, dismiss Plaintiffs' action and Complaint with prejudice, enter judgment in

Defendant's favor and against Plaintiffs, deny class certification and dismiss the class claims without prejudice, and award Defendant its costs.

### THIRD AFFIRMATIVE DEFENSE

1. The TCPA allows a person to recover actual damages resulting from a violation of the statute or to receive $500.00 per violation, whichever is greater. The TCPA provides for the trebling damages if the violation was willful.

2. If for the sake of argument, a TCPA class were certified and the class contained several thousand people, ACC's liability to the class potentially could be so great as to result in its insolvency.

3. The due process clause of the Fifth Amendment to the United States Constitution prohibits an award of damages that would result in ACC's insolvency, especially where, as here, the conduct that allegedly violated the TCPA did not cause actual injury or damages to the Plaintiffs or putative class members.

WHEREFORE, Defendant AMERICAN COLLECTION CORPORATION, d/b/a ACC INTERNATIONAL, respectfully requests that this Honorable Court deny the relief sought in Plaintiffs' Complaint, dismiss Plaintiffs' action and Complaint with prejudice, enter judgment in Defendant's favor and against Plaintiffs, deny class certification and dismiss the class claims without prejudice, and award Defendant its costs.

### FOURTH AFFIRMATIVE DEFENSE

1. Any purported violation of the TCPA, which Defendant denies occurred, was unintentional, and occurred despite of procedures reasonably adapted and maintained to avoid such error.

130058740v1 0918980 74483

WHEREFORE, Defendant AMERICAN COLLECTION CORPORATION, d/b/a ACC INTERNATIONAL, respectfully requests that this Honorable Court deny the relief sought in Plaintiffs' Complaint, dismiss Plaintiffs' action and Complaint with prejudice, enter judgment in Defendant's favor and against Plaintiffs, deny class certification and dismiss the class claims without prejudice, and award Defendant its costs.

                                Respectfully submitted on behalf of Defendant,

                                By: s/*John P. Ryan*
                                      One of Its Attorneys

David M. Schultz  ARDC# 6197596
John P. Ryan  ARDC# 6290638
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHANNON GARDNER and KEVIN MEDEIROS, for themselves and a class, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN COLLECTION CORPORATION, d/b/a ACC INTERNATIONAL, <br><br> Defendant. | ) ) ) ) ) ) No. 10 CV 7784 ) ) Judge Pallmeyer ) ) ) ) ) |

CERTIFICATE OF SERVICE

I hereby certify, as attorney for Defendant, AMERICAN COLLECTION CORPORATION, d/b/a ACC INTERNATIONAL, that on March 23, 2011, I electronically filed Defendant's Answer and Affirmative Defenses in the above captioned matter with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those counsels of record that are reflected on the CM/ECF distribution list, which lists all counsel of record.

By: s/ *John P. Ryan*
David M. Schultz   ARDC# 6197596
John P. Ryan  ARDC# 6290638
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

130058740v1 0918980 74483