**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHANNON GARDNER and KEVIN MEDEIROS, for themselves and a class, | ) ) ) | |
| | ) | No. 10 CV 7784 |
| Plaintiff, | ) | |
| v. | ) | Judge Pallmeyer |
| | ) | |
| AMERICAN COLLECTION CORPORATION, d/b/a ACC INTERNATIONAL, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGEMENT

Defendant, AMERICAN COLLECTION CORPORATION, d/b/a ACC INTERNATIONAL ("ACC" or "Defendant"), by its attorneys, David M. Schultz and John P. Ryan, respectfully move this Court for summary judgment pursuant to Fed.Civ.Pro.R. 56 and in support of said motion states as follows:

### INTRODUCTION

Plaintiffs filed a complaint on December 8, 2010. Plaintiffs allege in their one count complaint that ACC violated the Telephone Consumer Protection Act 47 U.S.C. § 227. On March 23, 2011, ACC filed its answer and affirmative defenses wherein ACC denied any liability. The parties exchanged their initial disclosures and ACC responded to Plaintiffs' written discovery.

### FACTS

Plaintiffs Shannon Gardner ("Gardner") and Kevin Medeiros ("Medeiros") live in the Northern District of Illinois. L.R. 56.1 Statement of Facts (hereinafter "SMF") at ¶1. American Collection Corporation, d/b/a ACC International ("ACC") is a small Illinois corporation that is

located in Schaumburg, Illinois. SMF at ¶2. It currently has nine employees and at the time of this occurrence it had ten employees. SMF at ¶11.

ACC sought to collect on account which was owed by Gardner. SMF at ¶5. ACC contacted Gardner on a cellular telephone that Gardner used. SMF at ¶6. However, Plaintiffs' allege that the subscriber of Gardner's cellular telephone is Medeiros. SMF at ¶7. Gardner alleges that ACC violated the Telephone Consumer Protection Act , 47 U.S.C. §227 ("TCPA") by calling Gardner's cellular telephone with an automatic telephone dialing system. SMF at ¶8. Further, Medeiros also alleges that ACC violated the TCPA based upon the same telephone calls that were alleged by Gardner because he is listed as the subscriber of Gardner's cellular telephone.[1] SMF at ¶8; Plaintiffs' complaint, attached hereto at **Exhibit A**, at ¶22. Hereinafter we will refer to the cellular telephone at issue as belonging to both Medeiros and Gardner, collectively the Plaintiffs. Specifically, Plaintiffs allege that calls ACC made on May 13, 2010, May 22, 2010, and August 12, 2010 were made with a predicative dialer. *Id.* at ¶11-14.

ACC did call Gardner on each of the days alleged. *See* SMF at ¶9-68; *See* also ACC's account notes, attached hereto as **Exhibit C.** However, each time ACC called Gardner, ACC manually dialed the telephone number. SMF at 9-68; **Exhibit C;** *See also* Declarations of Ray Hollenbeck, Todd Magnafichi and Karen Hildmann, attached hereto as **Exhibits B, D, and E, respectively.**

Plaintiffs do not allege that Defendant made a call using an artifical or prerecorded message in violation of the TCPA. However, even if Plaintiffs alleged that ACC made a call

---

[1] This raises issues of standing which Defendant does not raise at this point because two people cannot have standing under the TCPA for the same alleged telephone calls.

130089980v1 0918980 74483

using an artificial or prerecorded message, the undisputed evidence shows that ACC never left Gardner an artificial or a prerecorded message.[2] SMF at 9-68; **Exhibit B, C, D, E.**

## ARGUMENT

Defendant's motion for summary judgment should be granted for the following reasons. First, it is undisputed that Defendant did not make any call to Plaintiffs' cellular telephone using an automatic telephone dialing system, as the calls were manually dialed. Second, Defendant did not leave any prerecorded or artificial messages on Plaintiffs' voicemail. As a result, ACC did not violate the TCPA because it did not use a predictive dialer, or leave any prerecorded messages for Gardner.

The TCPA does not prohibit all telephone calls to cellular telephones. *See* 47 U.S.C. § 227(b)(1). Rather, the TCPA makes it improper "to make any call (other than a call made for an emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any . . . cellular telephone service . . ." §227(b)(1)(A)(iii). Therefore, "to state a claim under the TCPA for calls made to a cellular phone, a plaintiff must establish that: (1) a call was placed to a cell or wireless phone, (2) by the use of any automatic dialing system and/or leaving of an artifical or prerecorded message, and (3) without prior consent of the recipient." *Pugliese v. Professional Recovery Service, Inc.*, No. 09-12262, 2010 WL 2632562 *7, (E.D. Mich. June 29, 2010), citing 47 U.S.C. §227(b)(1)(A). Telephone calls that are manually dialed are not governed by the TCPA. *Dobbin v. Wells Fargo Auto Finance, Inc.*, 10-c-268, 2011 WL 2446566 (N.D. Ill. June 14, 2011) (granting defendant's motion for summary judgment because there is no evidence that

---

[2] Defendant has made all of the information stated in the facts section available to the Plaintiffs including, but not limited to, the account notes. Unfortunately, the parties have been unable to find a resolution to this matter given these undisputed facts.

3

130089980v1 0918980 74483

calls to plaintiffs' cell phones were autodialed. "Rather, the evidence is that the calls were manually dialed.").

A.    **Defendant Did Not Use An Automatic Telephone Dialing System.**

Defendant did not violate the TCPA because Defendant did not make any calls to Plaintiffs' cellular telephone with an automatic telephone dialing system. There are only three people from ACC that contacted or attempted to contact the Plaintiff. All three, Ray Hollenbeck, Karen Hildman and Tod Magnafichi, state in their declarations that they manually dialed the Plaintiffs' telephone number. *See* **Exhibits B, D, E.** Consequently, ACC did not use automatic telephone dialing equipment to contact Gardner.[3]

In addition to the declarations from Ray Hollenbeck, Tod Magnafichi and Karen Hildmann, the account notes for Gardner's account (attached hereto as **Exhibit C**), show that each call was manually dialed. *See* SMF at 9-68. The account notes for Gardner's account are admissible in the proceeding as a business record under Federal Rule of Evidence 803(6). A document falls within the business records exception if: (1) the document is prepared in the normal course of business; (2) it was made at or near the time of the events that it records; (3) it must be based upon the personal knowledge of the entrant or on the personal knowledge of an informant having a business duty to transmit the information to the entrant." *Krawczyk v. Centurion Capital Corporation*, No. 06-6273, 2009 WL 395458 (N.D.Ill. Feb. 18, 2009).

---

[3] ACC does not use a traditional automatic dialing system that calls telephone numbers completely at random. Rather, ACC's equipment only calls those numbers that are inputted into its equipment. Therefore, ACC's system is more commonly known as a predictive dialing system. Nevertheless, the FCC concluded that a predictive dialing system fits the definition of an automatic telephone dialing system. *See In re Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C.R. 14014, 14092 (July 3, 2003). In its ruling, the FCC explained that "[t]he basic function of such equipment . . . [is] the capacity to dial numbers without human intervention." *Id.*

Further, "[t]he person who testifies to the business record must be the custodian of the documents, the person who compiled them, or have knowledge of the procedure which the records were created." *U.S. v. LeShore*, 543 F.3d 935, 941-42 (7th Cir. 2008). Further, Federal Rule of Evidence 803(7), allows a party to establish the nonoccurrence or nonexistence of a matter based upon the absence of such matter in a business record.

ACC submits three declarations in support of its motion for summary judgment. Mr. Hollenbeck states in his declaration that he is one of the custodian of the records for ACC. Further, he has personal knowledge of ACC's record keeping practices, policies and procedures. Mr. Hollenbeck states that ACC's account notes for Gardner's account are attached as **Exhibit C**. *See* **Exhibit B**. ACC's account notes for Gardner's account were kept in the ordinary course of ACC's business. Additionally, each entry on the account note was made at or near the time of the correspondence.

In addition to Mr. Hollenbeck's declaration, ACC also submitted declarations from Tod Magnafichi and Karen Hildmann. Ms. Hildmann states that she has personal knowledge that she is one of the persons that compiled the account notes. Additionally, as a supervisor, Ms. Hildmann has personal knowledge of ACC's record keeping practices, policies and procedures. Moreover, Ms. Hildmann states that ACC's account notes for Gardner's account were kept in the ordinary course of ACC's business and each entry on the account note was made at or near the time of the correspondence. Further, Tod Magnafichi states that he is one of the persons that compiled the account notes. As a result, the declarations show that the account notes qualify as a business record because there is a declaration from ACC's record custodian and/or there are declarations from each person that has compiled ACC's account notes for Gardner's account.

130089980v1 0918980 74483

ACC's account notes for Gardner's account make no reference to the term dialer. **Exhibit B.** If an automatic dialing system was used to make a call to Plaintiffs' cellular telephone, then the account notes would refer to the term "dialer." **Exhibits B, C and D.** Since ACC's account notes do not make any reference to the term dialer, the account notes show that an automatic dialing system was not used to call Plaintiffs' cellular telephone. *Id.*

Moreover, the account notes show that there were only three collectors from ACC, Ray Hollenbeck, Karen Hildmann and Tod Magnafichi, that had correspondence with Gardner. The declarations from Ray Hollenbeck, Karen Hildmann and Tod Magnafichi establish that none of them made calls to the Plaintiffs' cellular telephone with an automatic telephone dialing system. **Exhibits B, C, D, and E**. All of the calls were manually dialed. *Id.* As a result, the undisputed evidence establishes that Plaintiffs cannot state a claim for a violation of the TCPA because Defendant did not call Plaintiffs' cellular telephone using an automatic telephone dialing system. Therefore, Defendant's motion for summary judgment should be granted.

**B.      Defendant Did Not Use An Artificial Or Prerecorded Voice.**

Plaintiffs do not allege in their complaint that ACC violated the TCPA by using an artificial or prerecorded voice. However, during the pendency of this action, Plaintiffs allude to the fact that Defendant allegedly violated the TCPA because Defendant used an artificial or prerecorded voice to contact Gardner. As a result, even though the allegation is not currently before the Court, Defendant will still address this issue in case Plaintiff attempts to raise it.

Summary judgment should be granted in favor of the ACC because the undisputed evidence shows that ACC did not use an artificial or prerecorded voice. While Plaintiffs'

130089980v1 0918980 74483

complaint does not allege ACC used an artificial or prerecorded voice, ACC chooses to address this issue in the event that Plaintiffs attempt to amend their Complaint.

In addition to establishing that an automatic telephone dialing system was not used, the account notes show that Defendant never used any artificial or prerecorded voice. Only two people made calls to the Plaintiff, Ray Hollenbeck and Tod Magnafichi. **Exhibit B, C and E.** The declarations from Mr. Hollenbeck and Mr. Magnafichi establish that ACC never used an artificial or prerecorded voice during its calls to Gardner. **Exhibits B, D, and E.** Therefore, since no artificial or prerecorded voice was used during ACC's calls to Plaintiffs' cellular telephone, Plaintiffs cannot state a claim for violation of the TCPA.

### C.     Defendant Did Not *Make* Any Calls with an Artificial or Prerecorded Voice.

Even if Plaintiffs attempts to create a question of fact by alleging that they received an artificial or prerecorded message (which ACC establish above that it did not use an artificial or prerecorded voice), summary judgment is still appropriate. The TCPA makes it improper "*to make* any call …using …an artifical or prerecorded voice … to any …cellular telephone service." §227 (b)(1)(A)(iii) (emphasis added). The statute does not prohibit leaving an artificial or prerecorded message when the telephone number is manually dialed. Rather, it only regulates calls that are "made" using an artifical or prerecorded voice. If the call is manually dialed, then a voicemail in which an artifical or prerecorded voice is used does not qualify as a call that is "made" using an artificial or prerecorded voice.

The language of the statute is meant to prohibit mass advertising campaigns (i.e., "press 1 if you would like to enter to win" or "press 1 to purchase this product). In those circumstances, there is no live-person to speak to the caller, just a robotic recording. The call originates and is

"made" by an artificial or prerecorded voice, because only the artifical or prerecorded voice is intended to communicate with the consumer.

In this case, Plaintiffs present no evidence to establish that ACC left an artificial or prerecorded voice on her voicemail. However, even if Plaintiffs now attempt to assert that ACC left Gardner an artificial or prerecorded voice on her voicemail, summary judgment should still be granted in favor of ACC because ACC did not "make any call . . . using . . . an artificial or prerecorded voice." A manually dialed call wherein an artificial or prerecorded is used on a voicemail does not constitute a call that is made using an artificial or prerecorded voice.

WHEREFORE, Defendant AMERICAN COLLECTION CORPORATION, d/b/a ACC INTERNATIONAL, respectfully requests this Court to grant Defendant's motion for summary judgment in favor of the Defendant and against the Plaintiffs, Shannon Gardner and Kevin Medeiros and that the Court grant any other relief to the Defendant that the Court deems equitable and just.

<div style="margin-left: 40%;">

Respectfully submitted on behalf of the Defendant, American Collection Corporation, d/b/a ACC International,


By: s/John P. Ryan
    One of Its Attorneys

</div>

David M. Schultz
John P. Ryan
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000

130089980v1 0918980 74483