**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SHANNON GARDNER and KEVIN MEDEIROS, ) <br> for themselves and a class, ) <br>  ) <br> Plaintiffs, ) <br>  ) <br> vs. ) <br>  ) <br> AMERICAN COLLECTION CORPORATION, ) <br> d/b/a ACC INTERNATIONAL, ) <br>  ) <br> Defendant. ) | 1:10CV7784 |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO STAY PROCEEDINGS**

Plaintiffs oppose the motion to stay brought by defendant American Collection Corporation ("ACC") because – put simply – this Court has jurisdiction under current law.

**I.    THE LAW AS IT STANDS PROVIDES THIS COURT WITH JURISDICTION**

On December 8, 2010, plaintiffs sued ACC, alleging violations of the Telephone Consumer Protection Act 47 U.S.C. §227 ("TCPA"). Specifically, plaintiffs allege that ACC – an Illinois corporation – violated the TCPA by calling cell phones of plaintiffs and class members using either an automated dialer, an artificial or recorded voice, or both. (Docket No. 36 (Amended Complaint), ¶¶23-26.) The class – per amended pleadings filed on July 13, 2011 – includes

> all persons with cellular telephones that have numbers assigned to area codes 217, 224, 309, 312, 331, 464, 618, 630, 708, 773, 779, 815, 847, or 872, and who, on or after a date four years prior to the filing of this action, and on or before a date 20 days following the filing of this action, received automated calls, or calls using an artificial or prerecorded voice, to their cell phones from defendant, where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's

1

equipment from an inbound call). [*Id.*, ¶27.]

A petition for a writ of *certiorari* was granted in *Mims v. Arrow Financial Services, LLC*, No. 10-1195, 2011 U.S. LEXIS 4882 (June 27, 2011). Mims sued Arrow in federal court, alleging that Arrow violated the TCPA by repeatedly making collection calls to Mims' cellular phone using an automatic telephone dialing system and leaving pre-recorded voicemail messages. The only question presented in *Mims* is:

> Did Congress divest the federal district courts of their federal-question jurisdiction under 28 U.S.C. §1331 over private actions brought under the Telephone Consumer Protection Act? [Docket No. 44, Exhibit 2.]

In ACC's answer to the original complaint, it admitted that "the Seventh Circuit has previously held that there is subject matter jurisdiction over this claim pursuant to 28 U.S.C. §1331." (Docket No. 27, ¶3.) This admission is, in fact, correct. *Brill v. Countrywide Home Loans Inc.*, 427 F.3d 446, 449-451 (7th Cir. 2005); *Wilder Chiropractic v. Pizza Hut of Southern Wisconsin Inc.*, 754 F.Supp.2d 1009, 1020 (W.D.Wis. 2010) (citing *Brill*). Until the Supreme Court of the United States says differently, the rule set down in *Brill* applies to this case.

The Court in *Scardina v. Midland Credit Management, Inc., et al*, 11 C 3149 (N.D. Ill July 13, 2011) (Lindberg, J.) (attached as Exhibit A) reached precisely this conclusion in denying a similar motion to stay. *Scardina*, citing *Brill*, held that "the current state of the law in this Circuit is that federal courts may entertain such claims... The Court declines to delay proceedings here based on the possibility at the law may change at some point in the future." *Id*. (internal citations omitted). Plaintiffs submit that this is the correct approach to take here.

## II. DISCOVERY EFFORTS MADE IN THIS CASE WHILE *MIMS* IS PENDING WOULD NOT BE WASTED, AS IT COULD BE USED IN STATE COURT

Proceeding with discovery in this case will not prejudice the defendant. If the Court holds that federal courts do not have jurisdiction, that would not end plaintiffs' case. It would only end this Court's involvement in it. A dismissal for want of jurisdiction is not a decision on the merits of the case, but on the Court's ability to hear it; thus, the claim could be re-filed in state court. "A deposition lawfully taken and, if required, filed in any federal or state court action may be used in a later action involving the same subject matter between the same parties, or their representatives or successors in interest, to the same extent as if taken in the later action. A deposition previously taken may also be used as allowed by the Federal Rules of Evidence." Fed.R.Civ.P. 32(a)(8). Similarly, Ill.R.Evid. 804 provides:

> (b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> > (1) Former Testimony. Testimony given as a witness (A) at another hearing of the same or a different proceeding, or in an evidence deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination, or (B) in a discovery deposition as provided for in Supreme Court Rule 212(a)(5).

Thus, contrary to defendant's claim, *nothing* that is done before this Court would be "nullified" if the Supreme Court decides that federal courts do not have jurisdiction over TCPA claims. (Memorandum at 2.) The only conceivable problem, with regard to jurisdiction, is the pendency of a summary judgment motion. It was an issue that defendant did not have any trouble with when it filed a summary judgment motion on July 5, 2011 – several days *after* the *certiorari* petition was granted in *Mims*. (Docket No. 31.) However, it is a moot point now, as

defendant has moved to withdraw the motion for summary judgment.[1]

### III. CONCLUSION

Accordingly, the motion to stay this matter, on account of the Supreme Court's consideration of *Mims*, should be denied.

Respectfully submitted,

/s/ Thomas E. Soule
Thomas E. Soule

Daniel A. Edelman
Thomas E. Soule
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

### CERTIFICATE OF SERVICE

I, Thomas E. Soule, hereby certify that the preceding document, and all exhibits thereto, were served upon counsel for defendant (dschultz@hinshawlaw.com, jryan@hinshawlaw.com) on August 2, 2011 by operation of the Court's electronic filing system.

/s/ Thomas E. Soule
Thomas E. Soule

---

[1] Plaintiffs argued that the motion for summary judgment was premature at this stage. They certainly do not object to the motion to withdraw ACC's motion for summary judgment. In fact, plaintiffs submit (as they did before) that the motion was frivolous because there were obvious questions of material fact.

4